# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                                            Case No. 08-Cr-0117

DAVID A. ELST,

    Defendant.

## MAGISTRATE JUDGE'S RECOMMENDATION TO THE HONORABLE WILLIAM C. GRIESBACH

## NATURE OF CASE

On April 22, 2008, a federal grand jury sitting in this district returned a two-count indictment against defendant David A. Elst. The defendant is charged in Count One with conspiring with others to distribute controlled substances in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B)(ii). Count Two charges the defendant with possessing, with intent to distribute, a controlled substance in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B)(ii).

On May 1, 2008, the defendant appeared before United States Magistrate Judge James R. Sickel for arraignment, entering a plea of not guilty. Pursuant to the pretrial scheduling order issued at that time, the defendant has filed a motion to suppress the fruits of a search. (Docket #21). This motion will be addressed herein.

## MOTION TO SUPPRESS FRUITS OF SEARCH

In seeking suppression of the evidence, the defendant maintains that the search warrant is defective because it is not "anticipatory" in nature and because the warrant fails to list any

specific event which would trigger the execution of the warrant.  He further contends that the information in the affidavit in support of the warrant fails to establish probable cause for a valid search of the premises.  The government opposes the defendant's motion.

Based on the submissions of the parties, the court conducted a telephone conference with counsel to discuss the issue of an evidentiary hearing and to schedule such hearing, if necessary.  In a letter filed on August 20, 2008, counsel for the defendant advised the court that the actual occurrence of the "triggering event" was in dispute.  The parties also disputed the need for an evidentiary hearing and what evidence would be presented at the hearing.  On August 21, 2008, the court held a telephone conference with counsel and an evidentiary hearing focusing on the "triggering event" was set for August 27, 2008,  Investigator Steven Scully of the Green Bay Police Department (GBPD) testified at the hearing on behalf of the government. Based on the testimony and evidence presented at the hearing, the court makes the following findings of fact.

### Findings of Fact

On January 18, 2008, GBPD Investigator Steven Scully and Special Agent Bolf of the Drug Enforcement Administration (DEA) met with a confidential informant[1] (CI) at approximately 5:15 p.m.  In his affidavit in support of the anticipatory warrant, Inspector Scully avers that he met with this CI on December 3, 2007, who was going to conduct a controlled buy of cocaine from Gregory Madsen.  On December 3, 2007, and again on December 18, 2007, the CI made controlled purchases from Madsen at Madsen's residence at 1667 River Bend Terrace,

---

[1] The confidential informant was the same confidential informant listed in the affidavit for the search warrant for the residence at 1566 North Road, Ashwaubenon, Wisconsin issued on January 16, 2008.

- 2 -

Case 1:08-cr-00117-WCG   Filed 09/05/08   Page 2 of 12   Document 34

apartment #9 in the Village of Bellevue, WI. Investigator Scully further avers in the affidavit that on January 10, 2008, the CI made a controlled buy from Madsen outside the residence at 1566 North Rd. in Ashwabenon, WI.

The evidentiary hearing shows that on January 18, 2008, arrangements were made for the CI to again purchase cocaine from Madison. Earlier that day, Madsen had called the CI and arrangements were made for Madsen and the CI to meet at 1566 North Rd. Prior to this meeting, the CI and his vehicle were searched for contraband and currency with negative results. The CI was fitted with a wire. He was also provided with $1,500.00 in United States currency. Investigator Scully followed the CI to a parking lot area, keeping the CI's vehicle in view at all times.

When they reached the designated parking lot, the CI made a telephone call to Gregory Madsen about a drug transaction. Investigator Scully was seated next to the CI when the call was made. Prior to the meetings with the CI, the police had no information regarding the 1566 North Rd. residence. During the telephone call, Madsen told the CI that he was at the North Rd. address. The CI was again patted down and he then drove his vehicle to 1566 North Rd.

Investigator Scully followed the CI to 1566 North Rd. and saw the CI pull into the driveway. Other officers were conducting video surveillance at the residence. Investigator Scully was about a half a block away from the CI's vehicle. He could see the front one quarter part of the CI's vehicle. Investigator Scully saw a person standing outside in front of the garage when the CI arrived. The person was not in the residence. It was dark and difficult to see, but Investigator Scully could see vehicles and forms. He could not identify the person he saw with the CI or whether the person was carrying anything. The CI subsequently advised that this person was Madsen.

- 3 -

Case 1:08-cr-00117-WCG   Filed 09/05/08   Page 3 of 12   Document 34

Investigator Scully heard a muffled conversation and then he heard the car door open, He saw a person leave the CI's vehicle and enter the residence at 1566 North Rd. Investigator Scully did not know where Madsen came from that day. Investigator Scully stated that Madsen could have had the drugs on his person.

Investigator Scully then observed the CI back out of the driveway. The CI drove back to the parking lot, followed by Investigator Scully. The CI subsequently told Investigator Scully that he had received the product. The CI told Investigator Scully that Madsen had entered the passenger side of his vehicle, gave the CI the cocaine and received the currency from the CI. The CI gave Inspector Scully a plastic baggie with suspected cocaine, along with the recording equipment. The CI and his vehicle were again searched. None of the prerecorded currency was found on the CI.

The defendant filed a motion to suppress the fruits of a search conducted on January 18, 2008, based on an alleged defective search warrant. (Docket #21). Specifically, the defendant contends that the search warrant is defective because it is not anticipatory in nature and does not list the triggering condition. He further asserts that the affidavit supporting the search warrant is defective as it fails to establish probable cause to search the 1566 North Rd. Address.[2]

The government asserts that although the search warrant failed to list the triggering condition for the search in the face of warrant, the supporting affidavit is clearly labeled

---

[2]The defendant also points out that the search warrant was to be executed "forthwith." The term, "forthwith", is synonymous with "reasonable." Federal Casting Div., Chromalloy American Corp. v. Donovan, 684 F.2d 504, 511 (7th Cir. 1982) (quoting United States v. Bedford, 519 F.2d 650, 655 [3rd Cir. 1975]) ("It is generally accepted. . . that a warrant need only be executed within a reasonable time after its issuance, notwithstanding the presence of 'forthwith' language in the complaint."). In this case, the warrant was issued on January 16, 2008, and executed on January 18, 2008. Thus, it was executed within a reasonable time.

- 4 -

"Affidavit in Support of Anticipatory Search Warrant" and sets forth the triggering condition in the last paragraph. The government further asserts that the triggering condition need not be set forth in the warrant itself, citing United States v. Grubbs, 547 U.S. 90 (2006). The government contends that if the search warrant is defective for failing to include the triggering condition in the warrant itself, the warrant is not invalid on its face. Rather, the government maintains that as long as the search occurred after the triggering condition, as it asserts it did in this case, no evidence was improperly obtained and suppression is not constitutionally required. The government also asserts that, when viewed in its entirety, the search warrant is based on probable cause.

An anticipatory search warrant is different from other search warrants in that it is not supported by probable cause to believe that the items to be seized are at the premises to be searched at the time the warrant is issued. United States v. Dennis, 115 F.3d 524, 528 (7th Cir. 1997); United States v. Leidner, 99 F.3d 1423, 1425 (7th Cir. 1996). "In fact, a court issues an anticipatory warrant with the knowledge that contraband does not presently exist at the location to be searched." Dennis, 115 F.3d at 528. However, as the court explained: "[A]t the time a court issues an anticipatory warrant, probable cause exists to believe that contraband will be located at the premises to be searched after certain events transpire. Id. (citing Leidner, 99 F.3d at 1425. In Leidner, the court explained:

> Anticipatory search warrants are peculiar to property in transit. Such warrants are issued in advance of the receipt of particular "property" (usually contraband) at the premises designated in the warrant based on probable cause that the property will be located there at the time of the search.

- 5 -

99 F.3d at 1425 (citing United States v. Gendron, 18 F.3d 955, 964 [1st Cir. 1994]). Thus, "conditions precedent to the execution of an anticipatory warrant are integral to its validity." Dennis, 115 F.3d at 528.

"An anticipatory warrant may issue if 'the magistrate . . . determine[s] (1) that it is *now probable* that (2) contraband, evidence of a crime, or a fugitive *will be* on the described premises (3) when the warrant is executed.'" United States v. Whited, No. 07-1015, 2008 U.S. App. LEXIS 18140, at *9-10 (7th Cir. Ill. Aug. 25, 2008) (quoting Grubbs, 547 U.S. at 96). Thus, "[t]he probable-cause inquiry is twofold: there must be a fair probability that contraband or evidence of a crime will be found in the described place if the triggering condition occurs *and* probable cause to believe the triggering condition will occur." Whited, 2008 U.S. App. LEXIS 18140 at *9-10 (citing Grubbs, 547 U.S. at 97). The supporting affidavit must provide the judge with sufficient information to evaluate both aspects of the probable cause determination. Grubbs, 547 U.S. at 97.

In order for an anticipatory warrant to satisfy the probable case standard, "it must demonstrate that contraband is on a 'sure course' to the destination to be searched." Leidner, 99 F.3d at 1427. "The purpose of the sure course requirement is to prevent law enforcement authorities or third parties from mailing or otherwise sending 'a controlled substance to a residence to create probable cause to search the premises where it otherwise would not exist.'" United States v. Brack, 188 F.3d 748, 757 (7th Cir.1999) (quoting Dennis, 115 F.3d at 529). "The requirement ensures the existence of a sufficient nexus between the parcel and the place to be searched." Id.

In this case, the affiant on the warrant affidavit, Investigator Steven Scully, averred that on December 3, 2007, he met with a confidential informant (CI). Prior to meeting with

- 6 -

Investigator Scully, the CI telephoned Gregory Madsen and set up a deal to purchase cocaine. The CI conducted a controlled buy of cocaine from Madsen at Madsen's residence, 1667 River Bend Terrace, apartment # 9 in the Village of Bellevue, WI. Subsequently, on December 18, 2007, Investigator Scully met with the CI. The CI had telephoned Madsen prior to meeting with Investigator Scully to set up a deal to purchase cocaine. The CI again conducted a controlled buy of cocaine from Madsen at Madsen's residence.

On January 10, 2008, Investigator Scully met with the CI to have the CI purchase cocaine from Madsen and his supplier. Prior to this meeting, the CI had placed a telephone call to Madsen to set up a deal to purchase two ounces of cocaine. According to the CI, Madsen told the CI that they would be going to 1566 North Rd.. The CI was provided with $1600 in prerecorded United States currency and a digital audio recorder transmitter. The CI and his vehicle were searched for contraband and currency.

The CI, who was under surveillance, picked up Madsen at Madsen's residence and then Madsen and the CI traveled to 1566 North Rd.. Surveillance units followed the CI's vehicle. Madsen was observed going to the door of the 1566 North Rd. residence and returning to the CI's vehicle a short time later. Subsequently, the CI told Investigator Scully that when Madsen got back to the vehicle, he told the CI to move his vehicle as "they" would be coming back shortly. (Affidavit in Support of Anticipatory Search Warrant, ¶ 6). A short time later, surveillance officers observed a dark colored car pull into the driveway and a male and female get out and enter the residence at 1566 North Rd. with Madsen. Approximately ten minutes later, Madsen came out of the residence, entered the CI's vehicle and gave the CI a baggie of suspected cocaine. The substance later tested positive for the presence of cocaine.

Contrary to the defendant's assertion, the triggering condition need not be set forth in the warrant itself. See Grubbs, 547 U.S. at 98; see also, Dennis, 115 F.3d at 528. In Dennis, the court of appeals for this circuit concluded that an anticipatory warrant was valid even though it did not list the conditions precedent to execution on its face or have appended to it a copy of the supporting affidavit. In so concluding, the court relied on its decision in United States v. Jones, 54 F.3d 1285, 1290-92 (7th Cir. 1995). The court "held that an affidavit supplying the requisite specificity needed to uphold a challenged warrant need not be physically appended to the warrant or explicitly incorporated by reference where the magistrate considered the affidavit in issuing the warrant and the officers complied with the affidavit when executing the warrant." Dennis, 115 F.3d at 529 (citing Jones, 54 F.3d at 1290-92).

In this case, the judge considered the affidavit in issuing the warrant. The affidavit described the triggering condition[3] and the affiant requested that the warrant be "active for a search of the premises" if the triggering condition occurred. (Affidavit in Support of Anticipatory Search Warrant ¶ 7). In addition, the officers did not execute the warrant until the triggering condition occurred. Thus, under the circumstances, the fact that the face of the warrant did not list the conditions precedent to its execution does not affect its validity.

At the time the search warrant was issued in this case, the government apparently did not believe that it had probable cause to search 1566 North Rd. based on the one prior transaction at the residence on January 10, 2008. Therefore, Investigator Scully's affidavit sought an "anticipatory" warrant. See Dennis, 115 F.3d at 528 ("a court issues an anticipatory

---

[3]The affidavit states: "if Madsen or another person delivers a controlled substance or a substance represented to be a controlled substance to the CI, and the delivery occurs at 1566 North Rd. or the person making the delivery comes from or returns to 1566 North Rd., then your affiant requests this warrant be active for a search of the premises." (Affidavit in Support of Anticipatory Search Warrant, ¶ 7).

- 8 -

Case 1:08-cr-00117-WCG   Filed 09/05/08   Page 8 of 12   Document 34

warrant with the knowledge that contraband does not presently exist at the location to be searched."). An anticipatory warrant is "peculiar to property in transit." Leidner, 99 F.3d at 1425. In this case, however, no property (or contraband) was in transit.

Investigator Scully's affidavit fails to show either "a fair probability that contraband or evidence of a crime" would be found at the 1566 North Rd. residence if the triggering condition occurred or "probable cause to believe the triggering condition [would] occur." Grubb, 547 U.S. at 97. The affidavit in support of the warrant does not demonstrate that the cocaine was on a "sure course" to 1566 North Rd. See Grubbs, 547 U.S. at 97. Investigator Scully's affidavit does not establish probable cause to believe the triggering condition would occur. Rather, Investigator Scully merely "anticipate[d]" that, based on a one-time prior controlled buy at 1556 North Rd., the CI would again travel to the residence and that Madsen or another person would deliver a controlled substance to the CI. or the person making such delivery would come from or return to 1566 North Rd. (Affidavit in Support of Anticipatory Search Warrant, ¶ 7). Investigator Scully's belief is not akin to probable cause. Although probable cause does not require certainty, it "denotes more than mere suspicion." United States v. McNeese, 901 F.2d 585, 592 (7th Cir. 1990).

Based on the foregoing, the court concludes that the warrant was not supported by probable cause to believe that the cocaine would be at the 1566 residence when the warrant was executed. Therefore, the warrant was not a proper anticipatory warrant

Nevertheless, even though the court concludes that the warrant did not meet the requirements of an anticipatory warrant, the evidence obtained is not subject to suppression. The exclusionary rule precludes the use of evidence against the victim of an illegal search and seizure when the evidence was obtained in violation of the Fourth Amendment. Mapp v. Ohio,

- 9 -

367 U.S. 643 (1961); Weeks v. United States, 232 U.S. 383 (1914). In United States v. Leon, 468 U.S. 897, 926 (1984), the Supreme Court held that an officer's good faith reliance on a court's determination of probable cause should not lead to the exclusion of probative evidence simply because a reviewing court later determined that probable cause was lacking. Thus, a facially valid warrant issued by a neutral, detached magistrate will be upheld if the police relied on the warrant in good faith. Id. The Court in Leon explained: "In the absence of an allegation that the magistrate abandoned his detached and neutral role, suppression is appropriate only if the officers were reckless or dishonest in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause." Id.

An law enforcement officer's decision to seek a warrant is prima facie evidence that he or she was acting in good faith. United States v. Otero, 495 F.3d 393, 398 (7th Cir.) cert. denied, __ U.S. __, 128 S. Ct. 425 (2007). United States v. Wiley, 475 F.3d 908, 917 (7th Cir. 2007) (citing United States v. Koerth, 312 F.3d 862, 866 [7th Cir. 2002]); United States v. Peck, 317 F.3d 754, 757 (7th Cir. 2003). "The defendant must defeat this presumption with evidence that the issuing magistrate judge wholly abandoned his judicial role or that the officer's affidavit was so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." Wiley, 475 F.3d at 917.

The defendant asserts that the good faith exception does not apply because the warrant in this case was not "facially valid." It was not "facially valid," according to the defendant, because it did not outline the triggering condition and allow the execution of the warrant only after that condition occurred. However, as previously stated, the triggering condition need not be set forth in the warrant. Grubbs, 547 U.S. at 98.

- 10 -

The defendant does not assert that issuing judge abandoned his judicial role in issuing the warrant. Nor does the defendant assert that the officer was reckless or dishonest in preparing the affidavit or that he could not have an objectively reasonable belief that the affidavit established probable cause for the search.

In this case, the evidence shows that law enforcement officers sought and obtained an anticipatory search warrant and relied on that warrant in good faith. See Leon, 468 U.S. at 926. It was objectively reasonable for the officers to believe that probable cause existed for execution of the search warrant once the controlled buy occurred in the driveway at 1556 North Rd. and the seller, Madsen, was observed entering the 1556 North Rd. residence. Therefore, the court concludes that the evidence obtained pursuant to that warrant need not be suppressed. Accordingly for the reasons stated herein, the court recommends that the United States district judge enter an order denying the defendant's motion to suppress the fruits of a search conducted on January 18, 2008.

## **CONCLUSION**

**NOW, THEREFORE, IT IS HEREBY RECOMMENDED** that the United States district judge enter an order **denying** defendant Elst's motion to suppress fruits of search. (Docket #21).

Pursuant to 28 U.S.C. § 636(b)(1)(A) and General Local Rule 72.3 (E.D. Wis.), and based on the agreement of the parties, written objections to this recommendation or part thereof may be filed within five business days of service of this order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district

- 11 -

Case 1:08-cr-00117-WCG   Filed 09/05/08   Page 11 of 12   Document 34

judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this 5th day of September, 2008.

BY THE COURT:

s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge