UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                  Case No. 08-CR-0117

DAVID A. ELST,

        Defendant.

**ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION
AND DENYING MOTION TO SUPPRESS**

On April 22, 2008, a grand jury sitting in this district returned a two-count indictment against defendant David A. Elst. Elst is charged in Count One with conspiracy to distribute controlled substances in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B)(ii). He is charged in Count Two with possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B)(ii). Following his arraignment, Elst filed a motion to suppress all fruits of a search conducted at his residence pursuant to an anticipatory search warrant on the ground that the warrant and affidavit supporting it were defective. An evidentiary hearing on the motion was held by Magistrate Judge Patricia J. Gorence on August 27, 2008. On September 5, 2008, Magistrate Judge Gorence issued a thorough decision recommending that this Court deny the motion to suppress fruits of the search. Although Judge Gorence concluded that the anticipatory warrant was invalid, she recommended that the motion nevertheless be denied because the officers executing it acted in good faith.

Elst filed objections to the Magistrate Judge's recommendation that his motion to suppress be denied. The government opposes the objections and submitted a response to the objections. Elst also submitted a reply to the government's response. Having considered the positions of the parties, I now adopt Magistrate Judge Gorence's recommendation that the motion to suppress be denied. I write separately only to expand on the reasons for denying the challenge to the search.

**I. BACKGROUND**

On January 16, 2008, Investigator Steven D. Scully of the Green Bay Police Department obtained a search warrant from a Brown County Circuit Court judge for the premises "occupied or owned by David E Elst" at 1566 North Road in the Village of Ashwaubenon, Wisconsin. Investigator Scully provided an affidavit in support of the warrant, titled "Affidavit in Support of Anticipatory Search Warrant". The affidavit recounted three controlled buys that a confidential informant ("CI") had made under the supervision of Investigator Scully and other members of the Brown County Drug Task Force. On December 3, 2007, and again on December 18, 2007, the CI had purchased small quantities of cocaine (an ounce on the 3rd and a half ounce on the 18th) from one Gregory Madsen at Madsen's residence at an apartment complex at on River Bend Terrace in the Village of Bellevue, Wisconsin.

The third buy, which occurred on January 10, 2008, took place at Elst's residence at 1566 North Road in the Village of Ashwaubenon. According to Investigator Scully's affidavit, the CI had arranged with Madsen to purchase two ounces of cocaine from Madsen and his supplier. Madsen had told the CI that they would be going to the North Road address to complete the transaction. Investigator Scully and other members of the Task Force then conducted surveillance as the CI picked up Madsen at his residence and drove to Elst's residence on North Road. There they

2

observed Madsen enter the residence, return to the CI's vehicle, and then another vehicle arrived shortly thereafter. A male and female exited this vehicle and went into the residence. Approximately ten minutes later Madsen exited the residence and entered the CI's vehicle. The CI later told Investigator Scully that after the two individuals arrived at 1566 North Road and met with Madsen in the residence, Madsen exited the residence and provided the CI with what was later determined to be 55.2 grams of cocaine.

In his affidavit submitted in support of his request for a warrant authorizing law enforcement to enter and search Elst's residence, Investigator Scully stated that he anticipated that the CI would again pick up Madsen at his residence and proceed to 1566 North Road to purchase cocaine. The affidavit continues:

> If Madsen or another person delivers a controlled substance or a substance represented to be a controlled substance to the CI, and the delivery occurs at 1566 North Rd. or the person making the delivery comes from or returns to 1566 North Rd., then your affiant requests this warrant to be active for a search of the premises.

*Aff. in Supp. of Anticipatory Search Warrant*, ¶ 7. The state judge issued the warrant on January 16, 2008.

The warrant was executed on January 18, 2008. On that day, the CI again made arrangements to purchase cocaine from Madsen. Madsen told the CI that he was to meet him at the North Road address. Under the supervision of Investigator Scully and other members of the Task Force, the CI proceeded to 1566 North Road with $1,500 of prerecorded U.S. currency where Madsen was waiting. Madsen briefly entered the CI's vehicle and then entered the residence. A short time later, he returned to the CI's vehicle and handed him the cocaine in exchange for the $1,500. The CI then left the residence and met with Investigator Scully in a nearby parking lot

3

where he related what had occurred and turned over the cocaine he had just purchased. Investigator Scully and other members of the Drug Task Force thereafter proceeded to execute the warrant and conducted a search of Elst's residence where they recovered more than $4,500 in cash, including the prerecorded currency used in the transaction, and over 700 grams of cocaine.

**II. ANALYSIS**

Elst has moved for suppression of all fruits of the search conducted on January 18, 2008 at 1566 North Road. He contends that both the warrant and the affidavit in support of the warrant are defective. Regarding the warrant, Elst claims that the warrant was not "anticipatory" in nature as the warrant directed a "forthwith" search but the affiant's basis for probable cause was conditioned on future events. He also asserts that the warrant is defective because it does not list the triggering condition. Elst avers that the affidavit supporting the warrant is defective for failing to establish probable cause. In this connection, he claims that too little information was presented by the affiant specific to the residence at 1566 North Road to establish a nexus between the contraband and Elst or the contraband and the residence.

In its response to the motion, the Government contends that the warrant and the supporting affidavit are valid, and properly noted that the triggering condition need not be set forth in the warrant itself. The Government also asserts that even if the warrant was not based on facts sufficient to establish probable cause, the relief requested by Elst should be denied as law enforcement officers acted in good faith in conducting the search pursuant to a warrant approved by a judge.

I conclude that although the warrant was fatally defective inasmuch as it failed to establish probable cause, application of the exclusionary rule is inappropriate in this case as law enforcement officers acted in good faith reliance on the warrant in conducting the search.

4

**A. Probable Cause**

"Anticipatory warrants differ from other search warrants in that they are not supported by probable cause to believe that contraband exists at the premises to be searched at the time they are issued." *United States v. Dennis*, 115 F.3d 524, 528 (7th Cir. 1997). The Supreme Court has held that the Fourth Amendment does not prevent the issuance of anticipatory warrants. *United States v. Grubbs*, 547 U.S. 90, 95 (2006). An anticipatory warrant requires that the magistrate determine "(1) that it is *now probable* that (2) contraband, evidence of a crime, or a fugitive *will be* on the described premises (3) when the warrant is executed." *Id*. at 96 (emphasis in original).

Given the prospective nature of the anticipatory warrant, the probable cause analysis must take into account the likelihood of events after the point in time that the warrant is issued. Anticipatory warrants typically condition the authorization to execute the warrant on the occurrence of a future "triggering condition." The Supreme Court has held that in order for a conditioned anticipatory warrant to comply with the Fourth Amendment requirement of probable cause, two prerequisites of probable cause must be satisfied: "It must be true not only that if the triggering condition occurs there is a fair probability that contraband or evidence of a crime will be found in a particular place, . . . but also that there is probable cause to believe the triggering condition will occur." *Id.* (internal quotes and citations omitted). "The supporting affidavit must provide the magistrate with sufficient information to evaluate both aspects of the probable-cause determination." *Id.* at 97; *see also United States v. Whited*, 539 F.3d 693, 695 (7th Cir. 2008).

I agree with Magistrate Judge Gorence's conclusion that the fact that the warrant itself authorized execution forthwith and only the affidavit indicated it was anticipatory does not render the warrant invalid. As Judge Gorence noted, the term "forthwith" has been construed to mean

5

within a reasonable time, and in this case the warrant was issued on January 16 and executed on January 18. (Recommendation at 4, n.2.) Two days is a reasonable time. Furthermore, the Supreme Court expressly held in *Grubbs* that the triggering event need not be stated in the warrant itself as long as it is set forth in the affidavit. 547 U.S. at 98-99. Thus, these defects are not fatal.

However, as Magistrate Judge Gorence also concluded, Investigator Scully's affidavit fails to provide probable cause that the triggering event, i.e., the delivery at 1566 North Road, would occur. Although Investigator Scully anticipated that a second delivery would occur at 1566 North Road, he set forth no facts in his affidavit that would support a finding of probable cause to believe it would occur. Nor is their any indication as to when the delivery at the North Road address would occur. The mere fact that a delivery had occurred at that location on January 10 does not constitute probable cause to believe a second delivery will occur there a week later. As Magistrate Judge Gorence noted in her recommendation, Investigator Scully's belief that there would be further transactions of a controlled substance at the residence was not akin to probable cause. (Recommendation at 9.)

I therefore adopt Magistrate Judge Gorence's analysis as to this issue and conclude that the anticipatory warrant was not supported by probable cause to believe that the triggering event would occur. The warrant was therefore invalid.

**B. Good Faith Exception**

Although the anticipatory warrant was deficient inasmuch as it was not based upon probable cause to believe that the triggering event would occur, the good faith exception to the exclusionary rule requires that I deny the motion to suppress. This exception, articulated by the Supreme Court in *United States v. Leon*, applies if the law enforcement officer relies in good faith on a warrant

obtained from a judge or magistrate and a reviewing court later determines that the warrant lacked probable cause. 468 U.S. 897, 920 (1984). The Court in *Leon* further noted: "In the absence of an allegation that the magistrate abandoned his detached and neutral role, suppression is appropriate only if the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause." *Id*. at 926.

Once a defendant establishes the invalidity of a search warrant, as Elst has in this case, the burden then shifts to the Government to establish that law enforcement relied in good faith on the issuance of the warrant. *United States v. Koerth*, 312 F.3d 862, 868 (7th Cir. 2002)(*citing Leon*, 468 U.S. at 924). "An officer's decision to obtain a warrant is *prima facie* evidence that he or she was acting in good faith." *Id*. If the Government makes out this *prima facie* case, the defendant may rebut it by either presenting evidence that the magistrate "wholly abandoned his judicial role" or "otherwise failed in his duty to 'perform his 'neutral and detached' function and not serve merely as a rubber stamp for the police"; or that the affidavit submitted was "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *Id.* (*quoting Leon*, 468 U.S. at 923).

In his motion to suppress Elst argued only generally that the *Leon* good faith exception did not apply. He argued that the warrant was facially invalid, but did not explicitly contend that the issuing judge had abandoned his judicial role in issuing the warrant or that the officer who obtained it either acted in a reckless or dishonest manner, or could not have had an objectively reasonable belief that his affidavit established probable cause. Magistrate Judge Gorence rejected his contentions and concluded that the good faith exception did indeed apply. I agree.

7

Elst contends that Investigator Scully's reliance on an affidavit that Investigator Scully knew to lack probable cause was objectively unreasonable. (Def.'s Objections to Magistrate's Recommendation at 3-4.) Elst further claims in these objections that the issuance of an anticipatory warrant was merely a rubber-stamping by the issuing court. Elst points to the incongruity in the language of the warrant itself (commanding search "forthwith") and the future events contemplated in the affidavit as evidence that the issuing judge abandoned his detached and neutral role. Finally, Elst asserts that the good faith exception does not apply because the warrant is not facially valid as it failed to outline the triggering condition in the warrant.

None of the defects asserted by Elst render the warrant executed by the officers facially invalid. Facially invalid means it was apparent from the face of the warrant that it was invalid. Nothing on the face of the warrant at issue here indicated it was invalid. As noted above, the fact that the warrant did not itself include the triggering condition does not render it invalid at all, let alone facially so. *See Grubbs*, 547 at 98-99. Although the boilerplate language on the warrant itself commanding search "forthwith" is inappropriate for an anticipatory warrant conditioned on future events described in the affidavit, it is not evidence that the issuing magistrate abandoned his detached and neutral role and rubber stamped the warrant. Elst has failed to offer any evidence that the judge who issued the warrant did not carefully read the warrant and supporting affidavit before signing it. Elst must therefore demonstrate that the affidavit submitted by Investigator Scully was "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *Koerth*, 312 F.3d at 868. The facts before this Court do not support such a finding.

The affidavit discussed an ongoing drug investigation utilizing a CI who had been involved in three controlled buys with Madsen, one of which did occur at 1566 North Road. The affidavit

8

set forth details of these events and a description of the transaction law enforcement officers anticipated would occur at 1566 North Road. Although probable cause was lacking as to the triggering event, once the triggering event occurred, there was clearly probable cause for the search itself. Having just completed a transaction in which a confidential informant paid over $1,500 in prerecorded U.S. currency for cocaine that was apparently retrieved from the house, police clearly had probable cause to believe that their buy money, as well as additional cocaine and the kinds of items used to facilitate such sales, would be located there. Probable cause, not proof beyond a reasonable doubt, is all that is required.

To be sure, the absence of probable cause in the affidavit for the triggering event itself is a significant defect. But it is not so blatant as to render the affidavit "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *Id.* Nor does it suggest that the issuing judge abdicated his role as a neutral and detached magistrate. He more likely failed to appreciate this unique requirement for anticipatory warrants. I therefore conclude that Investigator Scully acted in good faith in executing the warrant on Elst's home and the *Leon* exception applies.

## III. CONCLUSION

**IT IS THEREFORE ORDERED** that defendant Elst's motion to suppress evidence obtained in the search of 1566 North Road is **DENIED**.

Dated this   24th   day of September, 2008.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

9